IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36390-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| WYATT WADE WALKER, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Wyatt Wade Walker appeals the trial court's denial of his motion

to vacate the judgment and withdraw his guilty plea. He argues he is entitled to relief

because the prosecutor breached the terms of his plea agreement during sentencing.

We agree and reverse.

No. 36390-2-III
*State v. Walker*

FACTS

Mr. Walker pleaded guilty to second degree assault and third degree malicious

mischief pursuant to a plea agreement. The State agreed to recommend a total sentence of

nine months, which represented the high end of the standard range for assault.[1] The

agreement specifically stated the State would recommend concurrent sentences for

Mr. Walker's two crimes of conviction. Mr. Walker was free to recommend any lawful

sentence.[2]

Sentencing occurred several weeks after the entry of plea. At sentencing, the

prosecutor made the following comments:

> We come in front of the Court, and even though this is an assault
> second degree, it is a strike. The maximum we can ask for is 9 months and
> that's what the State is requesting. . . . I'm asking for the high end, even
> with no prior history, because of the severities of injuries that [the victim]
> incurred.
> . . . .
> If there was a way, Your Honor, I could have argued extenuating
> circumstances to get it above nine months I would have, but that's hard to
> do when the charging language we're using is substantial bodily injury. So,
> I don't know how you can go above what's in the charging language, but
> nonetheless, based on the injuries I think nine months is even under where
> we should be given the facts.

1 Report of Proceedings (RP) (June 14, 2018) at 31-32.

---

[1] The standard sentencing range was three to nine months.
[2] Under the terms of the agreement, the State agreed to dismiss one count of
misdemeanor assault.

2

After hearing from the parties, the court addressed Mr. Walker. The court noted it

understood the State's position was that a nine-month sentence was actually "not

sufficient." *Id*. at 40. The court also expressed concern that nine months was akin to "a

slap on the hand." *Id*. Nevertheless, because nine months was the maximum of the

standard range, the court imposed nine months for Mr. Walker's second degree assault.

The court then turned to the malicious mischief charge. The following colloquy

ensued:

> THE COURT: . . . And, then on count two, which is the gross
> misdemeanor, malicious mischief, and the State was requesting—or this—
> bound to recommend nine months, and that would run consecutive to that?
>
> [PROSECUTOR]: Yes, Your Honor. Thank you.
>
> THE COURT: And, I—or, they—actually, the State was
> recommending concurrent to that, the nine months both, and that's a 364
> day maximum sentence on that.

*Id*. at 41. The court imposed 64 days for the malicious mischief conviction. Significant to

this appeal, the court also ordered this sentence run consecutively to the nine-month

sentence for assault.[3]

Mr. Walker objected to the court's sentence, arguing the State had breached its

plea agreement. The matter was set over and Mr. Walker filed a motion to withdraw his

---

[3] Because the malicious mischief charge is a misdemeanor, the Sentencing Reform
Act of 1981, chapter 9.94A RCW, does not require concurrent sentences.

plea and vacate the judgment and sentence. The parties disputed whether the State violated the plea agreement. The court found no breach and denied Mr. Walker's motion.

Mr. Walker appeals his judgment and sentence as well as the trial court's order denying his motion to vacate.

ANALYSIS

A plea agreement is a contract with constitutional implications. Due process "'requires a prosecutor to adhere to the terms of the agreement.'" *In re Pers. Restraint of Lord*, 152 Wn.2d 82, 189, 94 P.3d 952 (2004) (quoting *State v. Sledge*, 133 Wn.2d 828, 839, 947 P.2d 1199 (1998)). Compliance with this mandate does not require vigorous advocacy. *Sledge*, 133 Wn.2d at 840 (recommendation need not be made "enthusiastically"). But a prosecutor must actually make the recommendations set forth in its plea agreement. *Id*. And a prosecutor may not undercut a plea agreement by explicitly or implicitly suggesting the need for a more severe sentence. *Id*. at 840-41.

While the Sentencing Reform Act of 1981, RCW 9.94A RCW, typically limits review of a trial court's sentencing decisions, RCW 9.94A.585(1), such restrictions do not apply to a claim of a breached plea agreement. Because plea agreement enforcement is a matter of constitutional concern, claims of breach may always be raised on appeal. *State v. Ramos*, 187 Wn.2d 420, 433, 387 P.3d 650 (2017); *State v. Xaviar*, 117 Wn. App. 196, 199, 69 P.3d 901 (2003).

4

We review the record as a whole to determine whether the State has breached its plea agreement obligations. *State v. Van Buren*, 101 Wn. App. 206, 213, 2 P.3d 991 (2000). Our concern is not the prosecutor's subjective intent. Rather, we focus on what is objectively manifested in the record. *Id.*

Viewed objectively, the record here reveals two violations of the prosecutor's plea agreement obligations.

First, the prosecutor undercut the plea agreement by making explicit, unsolicited remarks about the inadequacy of its sentencing recommendation. *Xaviar*, 117 Wn. App. at 201 (unsolicited expressions of lack of support for recommended sentence constitutes breach); *State v. Williams*, 103 Wn. App. 231, 238-39, 11 P.3d 878 (2000) (same). We recognize the prosecutor needed to explain his reasons for recommending a high-end sentence. *State v. Carreno-Maldonado*, 135 Wn. App. 77, 84, 143 P.3d 343 (2006). But doing so required a deft hand. *Id.* at 84-85. There was no need to expound on the inadequacy of a high-end sentence. Nor was it appropriate for the prosecutor to confess he searched for enhancement options. By explicitly criticizing its own sentencing recommendation, the State failed to meet its plea agreement obligations. *See State v. Talley*, 134 Wn.2d 176, 184, 949 P.2d 358 (1998) (State improperly undercuts plea agreement by expressing reservations about its recommendation).

5

Second, the prosecutor never followed through on its obligation to recommend concurrent sentences. When the court asked if the prosecutor was recommending consecutive sentences, the prosecutor contradicted the terms of the plea agreement and said, "Yes." 1 RP (June 14, 2018) at 41. Although the court quickly noted that the plea agreement had actually specified concurrent terms, not consecutive, the prosecutor never spoke up to correct the record. By remaining silent, the prosecutor left open the possibility that the State's recommendation had changed. The prosecutor also gave the impression that consecutive terms might be an avenue for the court to impose the State's preferred sentence. By contradicting the terms of the plea agreement and then remaining silent, the prosecutor deprived Mr. Walker of his right to have the State make the sentencing recommendations forth in his plea agreement.

When the State violates a plea agreement, harmless error review is inapplicable.[4] *Carreno-Maldonado*, 135 Wn. App. at 87. Instead, reversal and remand are required. On remand, the defendant may choose between withdrawing his plea or specific performance. If the latter is selected, resentencing must take place before a new judge. *Van Buren*, 101 Wn. App. at 217-18.

---

[4] Although harmless error does not apply, the prosecutor's breach clearly had an impact on the sentencing court, given the sentencing court's comments that it understood the State's position to be that the sentence proposed by the plea agreement was insufficient.

No. 36390-2-III
*State v. Walker*

CONCLUSION

The judgment and sentence is reversed. This matter is remanded for further proceedings. On remand, Mr. Walker shall be given the opportunity to withdraw his guilty plea or seek specific performance of the plea agreement, with resentencing before a different trial judge.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, C.J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.

7